Rule 23 order filed
March 29, 2019.
Motion to publish granted
April 11, 2019.

2019 IL App (5th) 170321

NO. 5-17-0321

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MATT SHARPE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner, | ) | Madison County. |
| | ) | |
| v. | ) | No. 11-D-1210 |
| | ) | |
| CRYSTAL WESTMORELAND, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable |
| (Gregg Sharpe, Intervenor; Kris Fulkerson, | ) | Martin J. Mengarelli, |
| Intervenor-Appellee). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch[*] and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     This interlocutory appeal arises from an order of the circuit court of Madison County issued on April 3, 2017, granting the petition for leave to intervene filed by Kris Fulkerson (hereinafter Kris), intervenor-appellee. In granting the petition, the court determined that Kris had standing as a stepparent under the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq.* (West 2016)) to seek visitation with and to seek parental responsibilities of her deceased partner's child, A.S. Crystal Westmoreland (hereinafter Mother), respondent-appellant, the natural mother and surviving parent of the minor child, A.S., argued

_____

[*]Justice Goldenhersh was originally assigned to participate in this case. Justice Welch was substituted on the panel subsequent to Justice Goldenhersh's retirement and has read the briefs and listened to the recording of oral argument.

1

that Kris did not have standing because she is not a stepparent of A.S., given that she was never legally married to A.S.'s father as required by the definition of stepparent under sections 600(*l*) and 602.9(a)(3) of the Marriage Act (750 ILCS 5/600(*l*), 602.9(a)(3) (West 2016)). On April 20, 2017, Mother filed a motion to certify questions of law for interlocutory appeal and for stay of the trial court proceedings, citing the conflict between the language of the Marriage Act and the Illinois Religious Freedom Protection and Civil Union Act (Civil Union Act) (750 ILCS 75/1 *et seq.* (West 2016)) as to whether or not, by law, a person who was joined in a civil union with a child's parent can be classified as the child's stepparent under the Marriage Act. On July 18, 2017, the circuit court entered an order staying the pending proceedings and granting Mother's motion to certify questions of law for interlocutory appeal. On August 17, 2017, Mother filed with this court an application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), which we granted on September 27, 2017.

¶ 2    The marriage of Mother and Matt Sharpe (hereinafter Father) was dissolved in January of 2013. As part of the dissolution, Mother and Father agreed to a joint parenting agreement with respect to their child A.S., who was then seven years old. While the parties shared equal parenting time, A.S.'s legal residence was with Father. In November of 2013, Father entered into a civil union with Kris. A.S. continued to reside with Father and now Kris and her three children. Unfortunately, Father died on January 2, 2017. After Father's death, Mother began to deny Kris visitation with A.S. even though A.S. expressed a desire to live with Kris and her children. As a result, Kris filed a petition seeking visitation rights and an allocation of parental responsibilities with respect to A.S.

¶ 3    The issues before us, as certified for interlocutory appeal, are whether a partner to a civil union as defined by the Civil Union Act has standing to request visitation with and parental

2

responsibilities of his or her deceased partner's child as a stepparent under the Marriage Act. Questions of law, such as the proper interpretation of statutes, are to be reviewed *de novo*. *AT&T Teleholdings, Inc. v. Department of Revenue*, 2012 IL App (1st) 113053, ¶ 28.

¶ 4 The Civil Union Act provides persons entering into civil unions with the same obligations, responsibilities, protections, and benefits afforded or recognized by the law of Illinois to those persons entering into marriages. 750 ILCS 75/5 (West 2016). The Act's passage was in part a response to the need to afford protection to same sex couples prior to the legalization of same sex marriages in Illinois, and the legislative history reflects the intent that partners joined in a civil union and married spouses generally shall share the same benefits and rights in relation to their respective mates. The equation of partners' rights and obligations in relation to each other does not necessarily equate civil union partners to married spouses in relation to children, however. *Cf.* 750 ILCS 5/505(a) (West 2018) (child support following dissolution of marriage or, as specifically included, civil union).

¶ 5 The Marriage Act specifically addresses in part the allocation of parental responsibilities, including establishing visitation with a minor child by an individual who is a nonparent of such child. Requirements of nonparent standing to seek visitation and parental allocation of responsibilities are designed to safeguard the superior right of a natural parent to make decisions for his or her child. See *In re Custody of M.C.C.*, 383 Ill. App. 3d 913, 917 (2008) (Illinois law clearly recognizes the superior rights of a natural parent to the care, custody, and control of his or her child). The law presumes the natural parent's right to physical custody of his or her child is superior to that of a nonparent and that it is in the best interest of the child to be raised by natural parents. *In re Custody of M.C.C.*, 383 Ill. App. 3d at 917. This is the reason why the Marriage

3

Act carves out specific exceptions delineating which nonparent individuals have standing to seek to establish rights to spend time or make decisions with or for a minor child not their own.

¶ 6    A stepparent under the Marriage Act is expressly defined as someone who is or was married to the parent, immediately prior to his or her death, of the child in question. 750 ILCS 5/600(*l*), 602.9(a)(3). Neither of these sections mentions or includes partners to a civil union. The question therefore becomes whether stepparentage for purposes of having standing to seek visitation and an allocation of parental responsibility requires a legal marriage as opposed to a civil union partnership. Given the interest the State has in protecting the rights of the natural parent and the stringent requirements for a party to seek nonparent visitation, we conclude that the legislature intended these provisions to be narrowly defined and applied. The answer therefore is yes, stepparentage requires a legal marriage as opposed to a civil union.

¶ 7    We initially note that Kris is asking for relief under the Marriage Act, yet Kris and her former civil union partner, Father, made a conscious choice to enter into a civil union as opposed to a marriage under the Marriage Act. At all times, they had the opportunity to avail themselves of the benefits the Marriage Act affords, but Kris and Father specifically chose not to do so.

¶ 8    More importantly, the provisions of the Marriage Act at issue here were adopted in 2016, well after Illinois began recognizing civil unions in 2011. The Marriage Act, even after the most recent amendments in 2017 and 2018, is devoid of any reference to partners joined in civil unions when defining parties that qualify as stepparents for purposes of determining nonparent standing under the Marriage Act. We agree that the omission of any reference to partners joined by civil unions in the definition of stepparents reflects a legislative intent not to include civil union partners in the category of nonparents who have standing to seek visitation.

¶ 9    Again, parents have a fundamental constitutionally protected interest to make decisions concerning the care, custody, and control of their children. There is no case law that completely addresses the issue of whether or not a party to a civil union is to be considered a stepparent for standing to seek visitation or allocation of parental responsibilities. Looking for guidance from similar situations of people involved in a minor child's life who were not the child's legal or biological parent, and were not married to the child's legal or biological parent, but who sought visitation or allocation of parental responsibilities with respect to a minor child, we find that the nonparent, even though they may have had a close relationship with the child, could not seek visitation or allocation of parental responsibilities, because he or she lacked standing to do so. See *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 68; *In re Visitation of J.T.H.*, 2015 IL App (1st) 142384, ¶ 28. The underlying principles guiding these decisions dictate that nonparent standing requirements be strictly construed. Accordingly, we conclude that strictly construing and applying the restrictive language of the Marriage Act regarding nonparent standing is required by the constitutionally mandated deference given to parents to determine who shall associate with, and exercise control over, their children. *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 35 (standing requirement that restricts nonparents who seek to assert custodial rights over children "safeguards the superior right of parents to the care and custody of their children"). If we do not, then the substantial deference that must be accorded to parents as to who will associate with, care for, and control their children would be undermined by expanding the narrow categories of nonparents entitled to seek visitation and parental responsibilities beyond the plain language of the statutory definition of stepparent set forth by the Marriage Act. To allow Kris standing to request visitation with A.S. under these circumstances essentially indicates that Kris's rights under the Civil Union Act trump Mother's constitutional rights to

make decisions for her own child, contrary to the express language and protections of the Marriage Act. Unless, and until, the legislature amends the statutory definition of a stepparent or expands the categories of nonparents who have standing, a party to a civil union lacks statutory standing to bring a claim for visitation or parental responsibilities.

¶ 10    In summary, the plain language of sections 600(*l*) and 602.9(a)(3) of the Marriage Act defines a stepparent only as a person married to the child's parent; consequently, only a person who was married to a child's parent immediately prior to his or her death may be granted stepparent standing to petition for visitation and parental allocation of responsibilities. The circuit court therefore exceeded its authority in expanding the statutory definition that governs who may and may not petition for visitation and parental rights in relation to a child and erred in issuing the order that granted Kris's petition for leave to intervene in this instance.

¶ 11    For the aforementioned reasons, we answer both certified questions for interlocutory appeal in the negative. We reverse the ruling of the circuit court of Madison County and remand for further proceedings consistent with this disposition.

¶ 12    Reversed and remanded.

2019 IL App (5th) 170321

NO. 5-17-0321

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| MATT SHARPE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner, | ) | Madison County. |
| | ) | |
| v. | ) | No. 11-D-1210 |
| | ) | |
| CRYSTAL WESTMORELAND, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable |
| (Gregg Sharpe, Intervenor; Kris Fulkerson, | ) | Martin J. Mengarelli, |
| Intervenor-Appellee). | ) | Judge, presiding. |

**Rule 23 Order Filed:**    March 29, 2019
**Motion to Publish Granted:**    April 11, 2019
**Opinion Filed:**    April 11, 2019

| | |
|---|---|
| **Justices:** | Honorable Judy L. Cates, J. |
| | Honorable Thomas M. Welch, J., and |
| | Honorable Melissa A. Chapman, J., |
| | Concur |

| | |
|---|---|
| **Attorney for Appellant** | Barbara L. Sherer, Sherer Law Offices, 517 St. Louis Street, Edwardsville, IL 62025 |
| **Attorneys for Appellee** | Robert R. Stauffer, Clifford W. Berlow, Sarah F. Weiss, Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654-3456; Jayni D. Lintvedt, Courtney · Clark Law, P.C., 104 S. Charles Street, Belleville, IL 62220; John A. Knight, Roger Baldwin Foundation of ACLU, Inc., 150 N. Michigan Ave., Suite 600, Chicago, IL 60601 (attorneys for Kris Fulkerson, Intervenor-Appellee). |